ALDON L. BOLANOS, ESQ., SBN. 233915
WALTER C. DAUTERMAN, JR., SBN. 282264
THE LAW OFFICES OF ALDON L. BOLANOS
925 G STREET - THE VAN VOORHIES MANSION
SACRAMENTO, CALIFORNIA 95814
Ph.   916.446.2800
Fx.   916.446.2828
WWW.ALDONLAW.COM

Attorney for Plaintiff Pamela EMICK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela EMICK, <br><br> Plaintiff, <br><br> vs. <br><br> JPMorgan Chase Bank, <br><br> Defendant. | Case No. 2:13-CV-00340-JAM-AC <br><br> **MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS** <br><br> Date:      June 19, 2013 <br> Time:      9:30 a.m. <br> Courtroom: 6 |

### I.   Introduction

Chase hides behind an assertion that although it took all the assets and benefits from a failed bank after the Great Recession, it is not responsible for any of the liabilities or burdens of that failed bank's assets. Plainly, it wants to have its cake and eat it too. That the federal government through an administrative branch (FDIC) may have blessed such an

arrangement should be of no consequence to this court and indeed should be viewed with a jaundiced eye. Thus, as set forth herein there is legal precedent permitting this court to hold Chase accountable for the bad actions of this country's banks, which essentially robbed the American people and then hid behind one another and a beneficent executive branch when justice came calling.

Chase's remaining grounds for its motion are shaky. As set forth herein, Ms. Emick's claims are well-pled because the statute of limitations is not an issue here due to the claims only accruing recently under new California law. Accordingly, it is respectfully requested that the instant motion now before this court be denied outright.

## II.  Statement of Facts

Pamela Emick was sold two loans: one for her residence located at 20133 Salt Creek Court, Grass Valley, California, 95949, and the other for a residence where her adult children reside located at 5230 Illinois Avenue, Fair Oaks, California 95628. (Compl. 2). Packaged with these two loans was an equity line of credit that Ms. Emick neither wanted nor requested. (*Id.*) This equity line of credit was sprung on Ms. Emick on the very same day that the loan documents were signed. (*Id.*) The loan officer, while acting as a dual agent for both WaMu and Ms. Emick,

intentionally placed Ms. Emick into negative amortization loans that would explode as she aged beyond her working years. (Compl. 2, 4).

Confronted with the prospect of losing her family homes, Ms. Emick turned to Chase, who had assumed WaMu's loans in 2008, in an attempt to refinance her properties, but was told by Chase that she did not qualify. (Compl. 5). Then, she tried repeatedly to have Chase modify her loans, but to no avail. (*Id.*) Every time Ms. Emick gave Chase the requested documents, the bank would give her "the run around" stating that it had either not received them or simply needed updated versions. (*Id.*) Compounding the misery, Ms. Emick had to deal with multiple points of contact designed to fatigue her and make her give up her quest for a modification so that the bank could come in later and seize her assets. (Compl. 5-6). Because of defendant's wrongful conduct, Ms. Emick is on the brink of losing her family homes at the same time that Chase is reaping record profits.[1]

### III. Law and Argument

**A.** <u>Standard of Review</u>

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2011). Under the "notice pleading"

---

[1] "U.S. Banks Post Highest-Ever Profits", Associated Press, May 30, 2013.

standard of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement" of claims showing entitlement to relief. Fed.R.Civ.P. 8(a)(2). Thus, a claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996).

In deciding such a motion, **all material allegations of the complaint are accepted as true**, as well as all reasonable inferences to be drawn from them. *Cahill,* 80 F.3d at 338. The allegations of the complaint must also be construed in the light most favorable to the nonmoving party. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir.2000). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

**B. The Assumption Agreement between the FDIC and Chase does insulate Chase from Conduct after it Assumed the Assets from the FDIC**

"To the extent that borrower's claims are based on actions committed by Chase after Chase's assumption on WaMu's assets, such claims are not barred by the P&A Agreement because Chase did not disclaim for its actions." *Fernandes v. JPMorgan Chase Bank, N.A.*, 11 C

Opposition to Motion to Dismiss

652, 2011 WL 4888785 (N.D. Ill. Oct. 13, 2011); *Jones-Boyle v. Washington Mutual*, 2010 WL 2724287 at *8 (N.D. Cal. July 8, 2010)(holding that claims against Chase for conduct of WaMu before 2007 were barred by Article 2.5 of the P&A Agreement, but that actions by Chase after Chase assumed Plaintiff's loan were not so barred since such a result "would leave [Plaintiff] with no remedy at all").

In *Jones-Boyles*, Plaintiffs brought an action arising out of an Option ARM loan that was sold to them by Washington Mutual. Plaintiffs complained that WaMu failed to disclose the material terms of the loan. *Jones-Boyle*, 2010 WL 2724287 at *1. As to Chase, Plaintiffs alleged that Chase entered into the Purchase and Assumption Agreement knowing the defects, fraudulent omissions, and misleading nature of WaMu Option ARM loans, as well as WaMu's deceptive conduct in marketing and selling the loans. *Id.* at *2. Plaintiffs further alleged that Chase, after the assumption, did not cure or remedy the defects in the loan. *Id.* Chase moved to dismiss on the basis that the P&A Agreement between it and FDIC shielded Chase from such liability. The court found that Chase was not relieved of liability under the P&A Agreement for its conduct after it assumed the loan.

In reaching this finding, the court explained that "equity looks through form to substance" and, that because the FDIC no longer owned plaintiff's loan and

5

Chase claimed protection under P&A agreement, the plaintiffs would be left with no remedy at all even if they could show Chase is committing ongoing violations. *Id.* at *9. Moreover, the court reasoned such claims are not barred by the P&A Agreement because Chase did not disclaim liability for its own actions. *Id.* at *8. Thus, the court found Chase's actionable conduct, after it assumed WaMu loans, was not barred by the Assumption Agreement. *Id.*

Here, like that case, Plaintiff was unwittingly placed into negative amortization loans. Similar to *Jones-Boyles*, Chase in this case continued to service the loans and reap the benefit of the unconscionable terms of these loans after it had assumed them from WaMu. Moreover, in this case, Plaintiff did not learn of the actionable conduct until after Chase had assumed her loans since her payments were in line with what her fiduciary orally represented and Chase did not disclose the loan terms after it had assumed them. Accordingly, this court should, like the court in *Jones-Boyle*, find Chase liable for the actionable conduct after it assumed the subject loans.

## C. All Three Causes of Actions Have Been Sufficiently Pled

### 1. Predatory Lending is Sufficiently Pled

To state a claim for breach of contract, Plaintiff must assert: (1) the existence of a contract; (2)

6

Opposition to Motion to Dismiss

Plaintiff's performance or excuse for nonperformance; (3) breach; and (4) that breach caused Plaintiff's harm. *Wall St. Network v. N.Y. Times Co.*, 164 Cal.App. 4th 1171, 1178 (2008). Every contract contains an implied covenant of good faith and fair dealing. *Comunale v. Traders & General Ins. Co.*, 328 P.2d 198, 200 (1958).

Notably, in *Lona v. Citibank, N.A.*, the court found that the plaintiff's allegation that the loans were illegal because they were made without reasonable consideration of plaintiff's ability to repay the loans sufficient to survive **summary judgment**. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 110 (2011)(emphasis added).

Although Chase is shielded from liability from WaMu's actions during the loan origination, it is not shielded from liability from its own misdeeds after the assumption of the subject loans. The California *Business and Profession Code* § 17200 authorizes a private right of action for "any practices forbidden by law be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. It is not necessary that the predicate law provide for private civil enforcement." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-39 (1994).

Accordingly, a plaintiff may bring a § 17200 claim based on a violation of § 1920. Among the requirements of § 1920 is the mandate that lenders

Opposition to Motion to Dismiss

consider a borrower's ability to meet her mortgage obligations before they adjust interest rates and monthly payments. Ms. Emick's payments ballooned after Chase had assumed the loans, yet Chase failed to consider her ability to pay before adjusting her interest rates and monthly payments. (Compl.4, 6).

### 2. The Claim Under the California Homeowner Bill of Rights is Sufficiently Pled

The California Homeowner Bill of Rights ("HBOR") requires that lenders, among other things, provide a single point of contact between the lender and the borrower. Ca. *Civil Code* § 2923.7(a). Here, the Complaint specifically avers that Ms. Emick has repeatedly contacted Chase in order to obtain loan modification, but to no avail. Specifically, paragraphs 6, 18, and 19 of the Complaint sufficiently allege that Chase violated the HBOR by failing to provide Ms. Emick with a single point of contact after she requested a foreclosure prevention alternative.

### 3. Financial Elder Abuse is Sufficiently Pled

A claim of elder abuse requires the wrongful taking of money or property from someone 65 years or older. Welfare and Institutions Code section 15610.27. Financial abuse of an elder occurs when a person or entity takes, secretes, appropriates, obtains, or retains real property of an elder **for a wrongful use or**

**with intent to defraud.** section 15610.30(a)(1). (emphasis added). Moreover, a person or entity shall be deemed to have engaged in the prohibited conduct if it knew or should have known that this conduct is likely to be harmful to the elder. section 15610.30(b).

The Complaint sufficiently alleges elder abuse on the basis that Chase has engaged in wrongful conduct with regard to servicing the loan and negotiating a loan modification. The Complaint specifically alleges that Chase is intentionally frustrating Ms. Emick's repeated attempts at obtaining a loan modification so that it can take Ms. Emick's properties. (Compl. 5-6 19). Accordingly, the Complaint sufficiently alleges that Chase's actions amount to the taking of real property of an elder for a wrongful use that it knows is likely to be harmful to the elder.

## D. Chase is liable for its wrongful conduct during the loan modification process

While a lender is not required to modify a loan, there is the implied covenant of fair dealing and good faith when a lender engages in the loan modification process. *See West v. JPMorgan Chase Bank*, 214 Cal.App.4th 780 (2013). In *West*, the plaintiffs, in their third amended complaint, alleged numerous causes of action including, but not limited to, fraud, negligent misrepresentation, breach of contract, and

violation of Section 17200, against Chase for its actions during the loan modification process. *Id.*

The court reversed in part the lower trial court's ruling sustaining without leave to amend Chase's demurrer to the third amended complaint. *Id.* at 807. The court, in deciding to remand the case, relied heavily on the rationale behind the HAMP program, which was designed to provide relief to borrowers who have either defaulted or were likely to default. In particular, the court noted that Chase by voluntarily accepting billions of taxpayer dollars pursuant to TARP was bound to follow the federal guidelines, which require, among other things, to calculate correctly the homeowner's net present value. *Id.* at 787-88.

As part of the loan modification process, Ms. Emick was offered a trial modification, but it was based on outdated financial information and calculated incorrectly. In short, Chase acted negligently and/or fraudulently when it offered Ms. Emick a trial modification that she could not afford because it was based on incorrect financial information. Neither negligence nor fraud in the loan modification process was alleged because *West* was decided three weeks after this Compliant was filed. Given this new precedent, Plaintiff asks for leave to amend the Complaint to add these causes of action.

Opposition to Motion to Dismiss

### E. Statute of Limitations

The defense of statute of limitations may be asserted in a motion to dismiss, if the complaint shows on its face that the statute bars the action. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "There is no requirement, however, that affirmative defenses, including statutes of limitation, appear on the face of the complaint." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005).

Furthermore, there is an important qualification: "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon* at 682.

### 1. This action is not time-barred because plaintiff's causes of action did not accrue until the last essential elements of her causes of actions accrued

Under California *Code of Civil Procedure* section 338(d), with regard to a cause of action based on fraud or mistake, a litigant has three years from the discovery of the facts constituting the fraud or mistake to file a complaint in state court. With regard to an action based on a written contract, the statute of limitation in most instances is four years. See Cal. Code Civ. Proc. Section 337.

Opposition to Motion to Dismiss

For purposes of the statute of limitations, an action for relief on the ground of fraud is not deemed to accrue until discovery of the fraud. *Bank v. Ross*, 214 Cal. App. 2d 424 (1963); *Souza & McCue Const. Co. v. Superior Court of San Benito County*, 57 Cal. 2d 508-512 (1952). Likewise, with regard to breach of contract cases, the courts have held where the injury causing the plaintiff harm is difficult to detect or there exists a fiduciary relationship the statute of limitations accrues when the plaintiff learns, or should have learned, the facts essential to his claim. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038-40 (9th Cir. 2003).

In other words, the cause of action under the discovery rule begins to accrue "when plaintiff either 1) actually discovered his injury and its negligent cause or 2) could have discovered injury and cause through the exercise of reasonable diligence." *April Enters., Inc., v. KTTV*, 147 Cal. App. 3d 805, 826 (1983). Moreover, if there is a fiduciary relationship between the parties, then plaintiff owes no affirmative duty to investigate since the fiduciary's representations may have "lulled plaintiff into a sense of security or inaction." *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412 (1945).

Here, the Complaint alleges that "with the well-documented housing meltdown and foreclosure crisis Ms. Emick turned to her lenders for relief." (Compl. 5).

Opposition to Motion to Dismiss

1  The Complaint also alleges that she has been in on-
2  going loan modification negotiations; having to
3  constantly submit and resubmit financial documents at
4  Chase's request. (*Id.*)  While lacking specificity as to
5  dates, the Complaint alleges that violations of the
6  HBOR and the loan modification process are on-going. As
7  to the remaining counts, they are subject to the
8  discovery rule as Ms. Emick who was "lulled into a
9  sense of security or inaction" did not discovery her
10 injury until she was struck by the "housing meltdown
11 and foreclosure crisis."  Again, while lacking
12 specificity as to dates, the Complaint avers that the
13 injury was only discovered recently.

## IV. Conclusion

For the foregoing reasons, it is respectfully submitted that the motion to dismiss should be overruled.  However, if any part of the motion to dismiss is sustained, it is respectfully requested that Plaintiff be permitted an opportunity to amend her pleading.

Dated: June 4, 2013

**LAW OFFICES OF ALDON L. BOLANOS**

/s/ WALTER C. DAUTERMAN, JR., ESQ.

WALTER C. DAUTERMAN, JR., ESQ.
Attorney for Plaintiff

Opposition to Motion to Dismiss