UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA EMICK,<br><br>            Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK,<br><br>            Defendant. | No.  13-cv-00340 JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant JPMorgan Chase Bank's ("Defendant") Motion to Dismiss (Doc. #5) Plaintiff's complaint (Doc. #1).  Plaintiff Pamela Emick ("Plaintiff") opposes the motion (Doc. #11) and Defendant replied (Doc. #12).[1]  For the following reasons, Defendant's motion is GRANTED.

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed this action on February 21, 2013 (Doc. #1). In the complaint, Plaintiff alleges three causes of action

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 19, 2013.

against Defendant: (1) Violations of California Predatory Lending Law pursuant to California Civil Code § 1920; (2) Violations of the Homeowners' Bill of Rights ("HBOR") pursuant to California Civil Code § 2923.6, et seq.; and (3) Financial Elder Abuse pursuant to California Welfare and Institutions Code § 15610.30. Compl. ¶¶ 8-22. On April 4, 2013, Defendant moved to dismiss all three claims (Doc. #5).

Plaintiff alleges that she was sold two loans for two pieces of residential property. Compl. ¶ 2. The first property is located at 20133 20133 Salt Creek Court, Grass Valley, California 95949. Id. The second is located at 5230 Illinois Avenue, Fair Oaks, California 95628. Id. Plaintiff also alleges that the loan officer was working for Defendant and on behalf of Plaintiff and intentionally placed Plaintiff into negative amortization loans that "would explode in her face, leaving her to use the equity line of credit to pay her loans." Id. ¶¶ 2-4.

Plaintiff further alleges that she sought to have her loan modified, which required submitting and re-submitting financial documents. Id. ¶ 5. During the process, Plaintiff alleges that she encountered multiple points of contact at the bank. "One representative would tell her that only another department could handle certain transactions, *et cetera*." Id. ¶ 6.

II. OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal

2

1  Rule of Civil Procedure 12(b)(6).  In considering a motion to
2  dismiss, the court must accept the allegations in the complaint
3  as true and draw all reasonable inferences in favor of the
4  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
5  overruled on other grounds by Davis v. Scherer, 468 U.S. 183
6  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that
7  are mere "legal conclusions," however, are not entitled to the
8  assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
9  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
10 (2007)).  To survive a motion to dismiss, a plaintiff needs to
11 plead "enough facts to state a claim to relief that is plausible
12 on its face."  Twombly, 550 U.S. at 570.  Dismissal is
13 appropriate where the plaintiff fails to state a claim
14 supportable by a cognizable legal theory.  Balistreri v.
15 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).
16      Upon granting a motion to dismiss for failure to state a
17 claim, the court has discretion to allow leave to amend the
18 complaint pursuant to Federal Rule of Civil Procedure 15(a).
19 "Dismissal with prejudice and without leave to amend is not
20 appropriate unless it is clear . . . that the complaint could not
21 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,
22 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
23      B.   Judicial Notice
24      Defendant requests judicial notice of (1) the deed of trust
25 for the property located at 20133 Salt Creek Court, Grass Valley,
26 California 95949; (2) the deed of trust for the property located
27 at 5230 Illinois Avenue, Fair Oaks, California 95628; and
28 (3) Defendant's Purchase and Assumption Agreement.  See Request

3

1  for Judicial Notice ("RJN"), Doc. #6, at 1-2, Exs. 1-3.
2  Plaintiff does not oppose Defendant's request.  Exhibits 1
3  through 3 are appropriate for judicial notice because they are
4  public records and are "not subject to reasonable dispute."  Fed.
5  R. Evid. 201(b).
6      Accordingly, the Court grants Defendant's request for
7  judicial notice.
8      C.   Discussion
9      Defendant moves to dismiss Plaintiff's complaint on several
10 grounds.  Primarily, however, Defendant moves to dismiss the
11 complaint because it is not responsible for any loan origination
12 conduct alleged by Plaintiff.  Plaintiff argues that Defendant
13 is not shielded from liability for misdeeds after it assumed the
14 subject loans.
15     Defendant assumed Plaintiff's loans when the Federal
16 Deposit Insurance Corporation ("FDIC") and Defendant entered
17 into the Purchase and Assumption Agreement ("Agreement").
18 Agreement, RJN Ex. 3.  Article 2.5 of the Agreement, titled
19 "Borrower Claims," provides as follows:

> Notwithstanding anything to the contrary in this
> Agreement, any liability associated with borrower
> claims for payment of or liability to any borrower for
> monetary relief, or that provide for any other form of
> relief to any borrower . . . related in any way to any
> loan or commitment to lend made by the Failed Bank
> prior to failure, or to any loan made by a third party
> in connection with a loan which is or was held by the
> Failed Bank, or otherwise arising in connection with
> the Failed Bank's lending or loan purchase activities
> are specifically not assumed by the Assuming Bank.

26 Id. at 9.
27     Courts analyzing similar agreements as the one at issue
28 here have determined that this provision bars claims for

4

conduct, actions, or omissions that occurred before a defendant assumed the loan but not after it assumed the loan. See Jones-Boyle v. Washington Mut. Bank, FA, CV 08-02142 JF (PVT), 2010 WL 2724287, at *8 (N.D. Cal. July 8, 2010) ("Article 2.5 of the Agreement bars claims against JPMorgan for the conduct, actions, omissions of WaMu before September 25, 2008. However, actions by JPMorgan after assuming [the plaintiff's] loan are not [] barred.") Therefore, as both parties agree, Defendant can only be held liable for its conduct after it assumed the subject loans. Opp. at 7; Reply at 2.

Accordingly, the Court analyzes each cause of action in turn.

        1.    First Cause of Action: Predatory Lending Claim

Defendant argues that Plaintiff's predatory lending claim fails because it pertains solely to loan origination conduct and Defendant is not Plaintiff's lender. Plaintiff disagrees, arguing that Defendant violated the mandate that lenders consider a borrower's ability to meet her mortgage obligations before they adjust interest rates and monthly payments.

California Civil Code Section 1920 ("Section 1920") sets forth the requirements of a "mortgage instrument." Cal. Civ. Code § 1920. Among the requirements is the mandate that lenders consider a borrower's ability to meet her mortgage obligations before the lender adjusts interest rates and monthly payments, and the mandate that proper notice and disclosure be given to borrowers before lenders change loan rates or payments. Id. "However, [S]ection 1920 imposes duties on the lender, not the loan servicer." Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047,

5

1055 (E.D. Cal. 2009).

In this case, Plaintiff alleges that Defendant failed to consider or verify Plaintiff's ability to repay the loans, Defendant steered Plaintiff into high cost loans, Defendant did not give Plaintiff the best loan for which she was eligible, and Defendant provided Plaintiff with an equity-draining line of credit.  Compl. ¶¶ 8-11.  All these allegations relate to the loan's origination, and therefore, are barred by Article 2.5 of the Agreement.  In her opposition, Plaintiff argues that "[Defendant] failed to consider her ability to pay before adjusting her interest rates and monthly payments."  Opp. at 7.  This allegation is not in the complaint.  Nevertheless, Plaintiff's claim fails because Section 1920 is entirely inapplicable to Defendant, which merely acted as the servicer of the loans.

Accordingly, Plaintiff has not stated a valid claim pursuant to Section 1920.  Because no valid claim may be brought against Defendant based on loan origination conduct or as a lender, this cause of action cannot be saved by amendment and therefore granting Plaintiff leave to amend would be futile.  In addition, Defendant argues that there is no private right of action under Section 1920 and that Plaintiff's claim is time barred; however, for the reasons mentioned above, the Court need not address these arguments.

       2.   <u>Second Cause of Action: Violation of the Homeowners' Bill of Rights</u>

Defendant contends that Plaintiff's second cause of action must be dismissed because it pertains to loan origination conduct

6

and the HBOR is inapplicable here.  Plaintiff argues that the complaint sufficiently alleges that Defendant violated the HBOR by failing to provide Plaintiff "with a single point of contact after she requested a foreclosure prevention alternative."  Opp. at 8.

The HBOR became effective on January 1, 2013, and it does not apply retroactively.  See Cal. Civ. Code § 2923.6; Guglielmelli v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 43063, at *11 (C.D. Cal. Mar. 26, 2013) ("There is no authority stating that these provisions of the HBOR are to be applied retroactively.")  It prohibits dual tracking: "If a borrower submits a complete application for a first lien loan modification . . . [the] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien modification is pending."  Id. § 2923.6(c); see also § 2924.18.  The HBOR also requires lenders to designate a "single point of contact" for borrowers who request foreclosure alternatives and provide the borrower one or more direct means of communicating with that point of contact.  Id. § 2923.7.

Here, Plaintiff in her complaint refers to the same allegations mentioned above, which pertain to loan origination conduct.  Compl. ¶ 15 (referring to Comp. ¶¶ 9-11).  However, pursuant to Article 2.5 of the Agreement, Defendant is not liable for conduct that occurred before it assumed the loan.  Plaintiff also alleges in her complaint that Defendant failed to meet many of the requirements set forth in the HBOR Section 2924.18, which sets forth guidelines associated with a loan modification

7

1  application and the filing of a notice of default to prevent dual
2  tracking.  Compl. ¶¶ 16-17.  However, Defendant argues that the
3  statute is inapplicable at this time because no notice of default
4  has been filed with respect to either of the subject loans.
5  Plaintiff does not dispute this argument in her opposition.
6  Because no notice of default has been filed, Plaintiff cannot
7  state a claim for violation of the HBOR Section 2924.18.

8      Plaintiff instead argues that she repeatedly contacted
9  Defendant to obtain a loan modification but Defendant failed to
10 provide Plaintiff with a single point of contact after she
11 requested a foreclosure prevention alternative.  Opp. at 8
12 (citing Comp. ¶¶ 6, 18, 19).  Failure to designate a single point
13 of contact may be grounds for a claim; however, as Defendant has
14 pointed out, it is unclear whether there is any factual support
15 for this allegation.  Specifically, whether any of the alleged
16 violations occurred between January 1, 2013, when the HBOR became
17 effective, and February 21, 2013, when this action was filed.
18 Moreover, as Defendant indicates, Plaintiff's allegation that
19 there was no point of contact for a loan modification is
20 partially contradicted by her allegation in her opposition that
21 she was offered a trial modification.  See Opp. at 10.

22     Accordingly, the Court dismisses Plaintiff's second cause of
23 action.  The Court grants leave to amend because Plaintiff may be
24 able to allege sufficient facts to state a claim pursuant to the
25 HBOR Section 2923.7 for acts that occurred after January 1, 2013.

26          3.   Third Cause of Action: Financial Elder Abuse
27     Defendant moves to dismiss Plaintiff's third cause of action
28 for financial elder abuse because it pertains to loan origination

8

conduct, Plaintiff did not plead her case with the requisite particularity, and her claim is time barred.

The Elder Abuse and Dependent Adult Civil Protection Act defines "financial abuse" of an elder as occurring when a "person or entity" "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). A "wrongful use" occurs when "the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." Id. at § 15610.30(b). In addition, "taking" is defined as depriving an elder of any real or personal property by a number of means, including "by means of an agreement." Id. at § 15610.30(c). Further, a claim must be brought "within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." Id. at § 15657.7. Because a financial elder abuse claim is largely grounded in fraud, it must be pleaded with particularity. Chavers v. GMAC Mortgage, LLC, No. 2:11-CV-01097-ODW SS, 2012 WL 2343202, *7 (C.D. Cal. June 20, 2012).

Plaintiff alleges in her complaint, "As set forth herein, and specifically at the recitation of fact provided above, [D]efendant Chase has engaged in financial elder abuse." Compl. ¶ 22. Most of the facts alleged in the complaint pertain to the origination of the loan and therefore, are barred by Article 2.5 of the Agreement. Moreover, as Defendant argues, a claim based on these allegations would be time barred because Plaintiff entered into the loans in May 2006 and filed this claim more than

9

two years past the statute of limitations.  See Deeds of Trust, RJN Ex. 1-2.

Plaintiff, in her opposition, claims that Defendant is liable for financial elder abuse because Defendant "is intentionally frustrating [Plaintiff's] repeated attempts at obtaining a loan modification so that it can take [Plaintiff's] properties."  Opp. at 9.  However, Plaintiff's complaint and opposition are devoid of any factual allegations of wrongful use or intent to defraud by Defendant.  Moreover, there are no allegations that Defendant took, secreted, appropriated, obtained, or retained her real property.

Accordingly, the Court dismisses Plaintiff's financial elder abuse claim.  Because Plaintiff may be able to allege her claim with greater specificity, the Court grants leave to amend.

### 4. Wrongful Conduct During the Loan Modification Process

Relying on West v. JPMorgan Chase Bank, N.A., 214 Cal.App.4th 780 (2013), Plaintiff argues that Defendant acted negligently and/or fraudulently when it offered Plaintiff a trial modification that she could not afford because it was based on incorrect information and therefore, she requests leave to amend her complaint to add these allegations.  Defendant argues that this request to amend is inappropriate and Plaintiff has not set forth facts to support the new claims. Since the Court has granted Plaintiff leave to amend two of her claims, her amended complaint may accordingly add new claims so long as Plaintiff in

//
//

alleging fraud or mistake, can state with particularity the circumstances constituting fraud or mistake. See Fed. R. Civ.P.9.

## III. ORDER

For the reasons set forth above, the Court grants Defendant's motion to dismiss: The Court GRANTS WITH PREJUDICE Defendant's motion to dismiss Plaintiff's first cause of action. The Court GRANTS WITH LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's second and third causes of action.

Plaintiff shall file her amended complaint within 20 days of the date of this Order. Defendant shall file its response to the amended complaint within 20 days thereafter.

IT IS SO ORDERED.

Dated: July 18, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE